# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-211V
**Filed: June 1, 2016**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | UNPUBLISHED |
| HENRIETTA DUPLESSIS JOINER, the | * | |
| Estate of, through ALEX JOINER, GUY C | * | |
| JOINER, DWAIN JOINER, DOROTHY | * | Special Master Gowen |
| JEAN DISHER, LINDA GUAGLIARDO, | * | |
| ROBBIN THOMPSON, | * | |
| | * | |
| Petitioners, | * | Attorneys' Fees and Costs. |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * | | |

Jessica W. Hayes, Murray Law Firm, New Orleans, LA, for petitioners.
Amy P. Kokot, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 13, 2014, petitioners filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioners alleged that as a result of receiving an influenza vaccination on March 1, 2012, decedent Henrietta Duplessis Joiner

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

developed Guillain-Barré Syndrome. On August 27, 2015, the parties filed a stipulation in which they agreed to an award of compensation to petitioners. On August 27, 2015, the undersigned issued a decision adopting the parties' stipulation for an award.  See Decision on J. Stip., filed Aug. 27, 2015.

On March 21, 2016, petitioners filed a motion for attorneys' fees and costs. Petitioners' requested $31,680.00 for attorneys' fees based on 115.20 hours of work at a rate of $275.00 an hour. See Application for Attorneys' Fees and Costs at ¶ 6, filed Mar. 21, 2016. Petitioners' also requested $2,095.63 for attorneys' costs. Id. at ¶ 9. Pursuant to General Order #9, petitioners' counsel represented that petitioners did not pay a retainer to her law firm, Murray Law Firm; and that petitioners have not incurred any costs that are reimburseable under section 300aa-15(e) of the Vaccine Act. See Statement, filed May 31, 2016. Counsel further represented that if petitioners later claim an entitlement to any costs that are reimburseable under the Vaccine Act, then counsel will reimburse any costs incurred by petitioners.

On April 4, 2016, respondent filed a response to petitioners' application for attorneys' fees and costs. Respondent indicated that she "she submits to the Special Master's sound discretion the determination of a reasonable fee award in this case, including the reasonable hourly rate(s) to be awarded to petitioners' counsel, the number of hours reasonably expended, and the reasonableness of the claimed litigation costs." Respondent's Response ("Response") at 1, filed Apr. 4, 2016. Respondent further provided that she is "satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. Nevertheless, respondent averred that, "based upon [her] judgment and experience in similar cases under the Vaccine Act," and based on "her 'overall sense' of what is reasonable for the work done in this case," an "estimation of reasonable attorneys' fees and costs for the present case falls roughly between $25,000.00 and $30,000.00." Id. at 3-4.

The determination of reasonable attorneys' fees and costs is within the special master's discretion. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1520 (Fed. Cir. 1993). Special masters may rely on their prior experience in reviewing fee applications. See id., 3 F.3d at 1521 (citing Farrar v. Sec'y of HHS, 1992 WL 336502 at * 2 - *3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)). The undersigned has reviewed the billing records and documentation of costs in this case and they appear reasonable. Counsel's requested hourly rate of $275.00 an hour falls well within the range of hourly rates I found reasonable in McCulloch v. Sec'y of HHS, No. 09-293, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Additionally, the number of hours expended by petitioner's counsel are reasonable. The undersigned believes that the number of hours expended by counsel in preparing a given case is largely due to the individual complexities of the case, rather than to a type of disease or other general category of cases. The time records of counsel provide the best evidence of hours expended, and in this case those hours are reasonable. The undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs in the amount of $33,775.63, pursuant to 42 U.S.C. § 300 aa-15(e).

An award should be made as follows:

**(1)** **in the form of a check jointly payable to petitioners and to petitioners' attorney, Jessica W. Hayes, of Murray Law Firm, in the amount of $33,775.63.**

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

      **IT IS SO ORDERED.**

      **s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.